UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEORGE E. BARTON,<br><br>        Plaintiff,<br><br>    v.<br><br>GAYLOR WALKER, et al.,<br><br>        Defendants. | No. CV-09-281-FVS<br><br>ORDER DISMISSING<br>COMPLAINT |

**PLAINTIFF GEORGE E. BARTON** has obtained permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Consequently, the Court must determine whether it has jurisdiction over the claim that is set forth in his complaint. 28 U.S.C. § 1915(e)(2)(B). *Cf. Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002) ("a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action").

**BACKGROUND**

George Barton has filed a pro se diversity action against two citizens of the State of Oregon. 28 U.S.C. § 1332. He alleges they entered the State of Washington during August of 1998 and unlawfully took a trailer he had purchased for the sum of $4,000. Thereafter, says Mr. Barton, they returned to Oregon with his trailer. He alleges he did not discover their role in the theft until 2007. According to Mr. Barton, the defendants committed the tort of conversion. He seeks

ORDER - 1

economic damages in excess of $227,120.00 and punitive damages in an amount to be proved at trial.

**STANDARD**

Mr. Burton must demonstrate the amount in controversy in this action exceeds the sum of $75,000. 28 U.S.C. § 1332(a). In order to determine whether he has satisfied the jurisdictional minimum, the Court examines the face of his complaint. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir.1986). The Court may not dismiss his complaint for failure to satisfy the amount in controversy unless it appears to "a legal certainty" his claim is, in fact, a claim for less than the jurisdictional minimum. *Id.* at 364. Legal certainty exists when, for example, "a specific rule of law or measure of damages limits the amount of damages recoverable." *Id.* (internal punctuation and citation omitted).

**RULING**

Mr. Barton's conversion claim is governed by the law of the State of Washington. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021-22, 85 L.Ed. 1477 (1941). In Washington, "[c]onversion is the unjustified, willful interference with a chattel which deprives a person entitled to the property of possession." *Meyers Way Dev. Ltd. Partnership v. Univ. Savings Bank*, 80 Wn. App. 655, 674-75, 910 P.2d 1308 (1996). The measure of damages depends upon whether the conversion was unintentional or willful. *Glaspey v. Prelusky*, 36 Wn.2d 592, 595, 219 P.2d 585 (1950); *Brougham v. Swarva*, 34 Wn. App. 68, 76, 661 P.2d 138 (1983). Mr. Barton

ORDER - 2

appears to be alleging a willful conversion.  In such cases, "the measure of damages is the highest market value of the property within a reasonable time after the conversion, or, as sometimes stated, the highest price shown between the time of the conversion and the institution of the suit."  *Glaspey*, 36 Wn.2d at 595.  Given the measure of damages for a conversion claim, Mr. Barton cannot recover rental income (he seeks $129,120) or loss of use of the trailer (he seeks $100,000).  Which reduces his alleged economic damages to less than $10,000; far below the jurisdictional minimum.  It is true he seeks punitive damages in an unspecified amount.  However, his request for punitive damages is governed by the law of the State of Washington, *see Klaxon Co.*, 313 U.S. at 496, 61 S.Ct. at 1021-22, and, under Washington law, he may not recover punitive damages.  *Dailey v. N. Coast Life Ins. Co.*, 129 Wn.2d 572, 574-75, 919 P.2d 589 (1996).

The Court has carefully considered whether to afford Mr. Barton an opportunity to amend his complaint.  Having done so, the Court concludes it would be futile to do so.  Given the value of the trailer, and given the measure of damages adopted by the Washington Supreme Court for the tort of conversion, Mr. Barton cannot plead a set of facts that would satisfy the jurisdictional minimum.  As a result, there is no reason to prolong the life of this action.

**IT IS HEREBY ORDERED:**

1. Mr. Barton's complaint is dismissed because the Court lacks jurisdiction over his conversion claim.

2. The Court will not entertain a motion for reconsideration.

ORDER - 3

1  **IT IS SO ORDERED.**  The District Court Executive is hereby
2  directed to file this order, enter judgment accordingly, furnish a
3  copy to Mr. Barton, and close the case.
4  **DATED** this ___18th___ day of September, 2009.

                            s/ Fred Sickle
                           Fred Van Sickle
                   Senior United States District Judge

ORDER - 4